UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Joanne Ledonne

    v.                                          Civil No. 16-cv-424-JD
                                               Opinion No. 2017 DNH 143
Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration


O R D E R

Joanne Ledonne seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of Social Security, denying her application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Ledonne moves to reverse, contending that the Administrative Law Judge ("ALJ") erred by assessing her residual functional capacity based in part on her lay interpretation of the medical record. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater,

172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  The court defers to the ALJ's factual findings as long as they are supported by substantial evidence.  § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castillo Condo. Ass'n v. U.S. Dep't of Housing & Urban Dev., 821 F.3d 92, 97 (1st Cir. 2016) (internal quotation marks omitted).

## Background

Ledonne filed an application for social security benefits in September of 2013.  She alleged that she was disabled due to bipolar or manic mental health issues, attention deficit disorder, anxiety, suicidal thoughts, chronic pain, and herniated discs.  Ledonne was in her early fifties when she applied for benefits.  She had a high school education and had previously worked as a waitress and a manager.

The medical evidence begins in 2007 with a report of a lumbar MRI.  The MRI showed a protrusion with an annular tear at L5-S1, which was similar to examination results in 2003.  Ledonne continued treatment for back pain, changing to treatment in New Hampshire from treatment in Massachusetts.

In March of 2013, Ledonne attempted suicide and was admitted for a psychiatric examination. Subsequent treatment notes showed continued mental health issues. In August of 2013, Ledonne again attempted suicide. She was admitted to the hospital with diagnoses of mood disorder, ADHD, opiate dependence, and a note to rule out bipolar disorder. During treatment after discharge from the hospital, Ledonne continued to report anxiety and depression.

In January of 2014, the state agency psychologist noted that Ledonne had not provided medical evidence to support her application. As a result, he was unable to do a functional assessment.

Ledonne was again in the hospital in March of 2014 because of depression and anxiety and thoughts of suicide. She was evaluated at Portsmouth Regional Hospital for management and treatment of depression with psychosis. Ledonne also had worsening of her chronic back pain at that time. Her examination on March 8, 2014, showed improvement, and she was discharged on March 11, 2014. Her diagnoses were mood disorder, ADHD, opiate dependence in sustained remission, herniated discs, sciatica, and edema in her legs. Examinations during the next year showed improvement.

Dr. Sandra Vallery did a comprehensive psychological profile of Ledonne in May of 2015. Based on Ledonne's

descriptions, the examination, and some medical records, Dr. Vallery concluded that Ledonne had a mood disorder, generalized anxiety disorder, ADHD, depressive disorder, alcohol abuse in partial remission, and substance abuse in remission. With respect to her functioning, Dr. Vallery found that Ledonne would be able to interact and communicate appropriately, remember all instructions, concentrate and complete tasks, and make simple decisions. Dr. Vallery also found, however, that Ledonne would have inconsistent attendance at work because of anxiety.

Dr. Peter Loeser did a consultative examination of Ledonne in May of 2015 to assess her physical functioning. Dr. Loeser reviewed only one medical record, which was from 2002. He found that Ledonne had low back pain with radiculopathy "of uncertain etiology with minimal available supportive documentation and acute neck pain." He indicated no significant findings on his examination. He also noted that Ledonne was able to move around the examination room without difficulty or impairment.

A hearing on her application before an ALJ was held on July 1, 2015. Ledonne was represented at the hearing and testified. The ALJ issued a decision on July 31, 2015, finding that Ledonne was not disabled. In support, the ALJ found that Ledonne had severe impairments due to lumbar degenerative disc disease, mood disorder, generalized anxiety disorder, ADHD, depressive disorder, and polysubstance abuse. The ALJ found that despite

4

those impairments Ledonne had the residual functional capacity to do medium work except that she would be limited to simple and routine tasks as in unskilled work. The Appeals Council denied Ledonne's request for review.

## Discussion

Ledonne contends that the ALJ erred in failing to credit Dr. Vallery's opinion that Ledonne would have inconsistent work attendance because of anxiety and lacked substantial evidence to support the assessment that she could do medium work. The Acting Commissioner moves to affirm the decision, contending that the ALJ properly evaluated the medical opinions to assess Ledonne's residual functional capacity.

A.  Dr. Vallery's Opinion

The ALJ relied on Dr. Vallery's assessment of Ledonne's mental functioning except for her opinion that Ledonne would have inconsistent work attendance. The ALJ explained that she did not give weight to that opinion because Dr. Vallery "did not provide a precise assessment as to the nature and extent of the claimant's inconsistent attendance." The ALJ also interpreted Dr. Vallery's reference to "inconsistent attendance at this time" to mean that Ledonne's attendance would improve.

The record shows that Ledonne has significant mental health issues. Dr. Vallery provided the only mental function

5

assessment in the record. The ALJ, therefore, had no other opinion that showed Ledonne's anxiety would not affect her attendance.

Regular attendance is an important element of the ability to work. Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 770 (1st Cir. 1991). Even if the ALJ were correct that Dr. Vallery's opinion about Ledonne's attendance lacked detail, that deficit does not make the opinion invalid. Under these circumstances, the case should be remanded to consider the effect of Ledonne's anxiety on her ability to work.

B. Ability to Do Medium Work

Ledonne correctly points out that there is no physical functional assessment in the record that shows she is capable of doing work at the medium exertional level. As a result, the ALJ made that assessment based on her own review of the record. The Acting Commissioner suggests that the ALJ could make that assessment on her own because the record shows only mild and normal findings with respect to Ledonne's strength and specifically her back pain.

Generally, "an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996). As a result, an expert opinion is usually necessary to assess a

claimant's residual functional capacity.  Id.  An exception exists when the medical record shows little physical impairment and an assessment can be made based on common sense.  Id.

In this case, however, the record shows chronic back pain due to lumbar disc protrusion.  The ALJ found that Ledonne had a severe impairment due to lumbar degenerative disc disease.  Therefore, this is not a case where common sense is enough to interpret the medical record.

On remand, the ALJ will have the opportunity to obtain an appropriate physical function assessment.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 11) is granted.  The Acting Commissioner's motion to affirm (document 14) is denied.

The case is remanded for further administrative proceedings pursuant to Sentence Four of § 405(g).

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

July 24, 2017

cc:  Terry L. Ollila, Esq.
     Laurie Smith Young, Esq.